UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

                                Case No. 09-20238
                                Hon: AVERN COHN

D-3, TERRENCE PRITCHETT,

    Defendant.

_____/

# MEMORANDUM AND ORDER
# DENYING MOTION FOR RECONSIDERATION

**I.**

This is a criminal case. On February 26, 2010, the Court granted bond to defendant pending trial (Doc. 26). The government has moved for reconsideration of the order granting bond (Doc. 30). For the reasons that follow, the motion is DENIED.

**II.**

E.D. Mich. L.R. 7.1(g)(3) regarding motions for reconsideration states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues rule upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.

Thus in order to prevail on a motion for reconsideration, a movant must (1) raise a new issue (2) that represents a palpable defect in the initial decision and (3) will result in a different disposition in the case.

**III.**

In order to detain a defendant pending trial, a court must find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of . . . the community." 18 U.S.C. § 3142(e). The government asserts that defendant's circumstances have not changed and that he is both a risk of flight and presents a danger to the community if released on bond pending trial.

**A.**

Defendant was indicted on May 28, 2009, for violation of 21 USC §846, Conspiracy To Possess With Intent To Distribute And To Distribute Controlled Substances.

Previously defendant was arrested on a complaint (Doc. 1), filed May 13, 2009, charging the offense for which defendant was indicted. An order of temporary detention was entered (Doc. 2). Following a detention hearing on May 14, 2009, defendant was ordered detained by a magistrate judge (Doc. 3). An appeal of the order was taken to the presiding judge. Following a hearing, the presiding judge ordered continued detention on the grounds that defendant did not rebut the presumption that he was a danger to the community. No formal order was entered by the presiding judge. The proceedings before the magistrate judge are reflected on a CD; there is a transcript of the proceedings before the presiding judge.

The Court held a status conference hearing on November 12, 2009, at which the defendant appeared in custody, along with his two (2) co-defendants, one of which was not in custody. At the hearing the following colloquy occurred:

> THE COURT: Okay. Just out of curiosity, why are two of them in custody and one not?
>
> GOVERNMENT ATTORNEY: Difference in criminal history, backgrounds, Your Honor.

2

> THE COURT: So the magistrate judge ordered these two detained and allowed this one to go on bond?
>
> GOVERNMENT ATTORNEY: That's correct, Your Honor.
>
> THE COURT: And no one took an appeal to the Court?
>
> GOVERNMENT ATTORNEY: That's correct, Your Honor.
>
> DEFENDANT'S ATTORNEY: Well, that is correct, Your Honor, I did appeal.
>
> THE COURT: In front of me?
>
> DEFENDANT'S ATTORNEY: No, there was an emergency hearing in front of [the presiding judge] on this, so I did appeal that.
>
> THE COURT: Where was I?
>
> DEFENDANT'S ATTORNEY: I don't know, Your Honor.
>
> SECOND DEFENSE ATTORNEY: I don't believe you were appointed yet. It wasn't assigned. We weren't at the indictment stage.
>
> THE CLERK: It was at the complaint stage.
>
> THE COURT: Okay. But you didn't renew your request once I became the Judge?
>
> DEFENDANT'S ATTORNEY: No, I did not.
>
> THE COURT: You thought I was as tough as [the presiding judge]?
>
> DEFENDANT'S ATTORNEY: Yes, I did.
>
> THE COURT: I'm not going to go there.

A second status conference hearing was held on February 22, 2010, at which defendant appeared in custody. The Court again inquired as to why defendant was in custody, and received the same explanation as before. The Court then said to its case manager:

> THE COURT: [Case manager], you will get me the pretrial reports, et cetera. I'll review it and decide whether or not I think he should get a hearing, okay, because it's now my case.

**B.**

The Court, as will be explained, reviewed the materials relating to the detention. Because of the inordinate delay in bringing the case to trial, the Court on February 23, 2010, set a bond hearing for February 24, 2010 (Doc. 28). For some reason, neither defendant's counsel nor the government received notice of the hearing.

On February 24, 2010, the Court held a hearing on the custody status of defendant. His counsel was not present; counsel for the government was present. Prior to the hearing, the Court listened to the proceedings before the magistrate judge; read the transcript of the hearing before the presiding judge; and discussed defendant's custody status with the Pretrial Services officer assigned to the case, as well as read her report.

At the hearing on February 24, 2010, the Court granted defendant bond pending trial and in explaining its decision said as follows:[1]

> When defendant was here earlier this week, I asked why he was in custody. I was told that there was a bond hearing in front of a magistrate judge and she ordered him detained. There was a review by the presiding judge and he agreed with the magistrate judge. I got the transcript of the hearing before the district judge on the appeal. I found the reasons the district judge gave deficient in my judgment. I talked to the pretrial officer. I went over in detail with the pretrial officer defendant's circumstances. She and I concluded that he fit within the pattern of those who we traditionally release pretrial. There was nothing exceptional about his background or that differentiated him from many others who had been charged and had prior drug offenses as being a

---

[1] This is an edit of the Court's remarks.

danger to the community. She and I discussed whether he's
likely to revert to drug dealing while on pretrial release. The
pretrial officer didn't see any risk in release. I likewise saw
no risk.

At the last hearing defendant's family was here. The
defendant has ties to the community. He has four children.
Defendant was indicted last May. Here at the end of
February there has been no progress in the case. There is
no trial date and no motions have been filed. It is unfair to
keep defendant in custody.

I have listened to the detention hearing. I heard nothing in
the conditions that were described of the arrest or his status
to suggest that he was a danger to the community and is
likely to revert to drug dealing.

Given the length of time defendant has been in custody I
think it unfair that he continue in custody. He can be
released safely without danger to the community. I consider
defendant one of those defendants that gets lost in the
system. The Court accepts responsibility for that. The Court
should have been alert and set a trial date as well as a
motion cutoff and a trial date.

Accordingly, defendant was released pretrial on a $10,000.00 personal bond.

## C.

The Court, after reviewing the record of this case and the several colloquies recited above, finds no reason to change its conclusion that defendant is not a flight risk, does not represent a threat to the community, and is entitled to pretrial release.

SO ORDERED.

Dated: March 29, 2010
                        S/Avern Cohn
                        AVERN COHN
                        UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

                                        S/Julie Owens
                                        Case Manager, (313) 234-5160