UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case No. 09-20238

v.                                   HON: AVERN COHN

D-1, TERRENCE PRITCHETT,

          Defendant,
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED AT 390 COLUMBIA

### I. Introduction

This is a criminal case. Defendant Terrence Pritchett is charged with Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances (cocaine), in violation of 21 U.S.C. § 846. Before the Court is Pritchett's motion to suppress evidence obtained during the execution of a search warrant at his residence ay 390 Columbia Street in Pontiac that lead to his arrest and indictment. He argues that the warrant was obtained in violation of his Fourth Amendment rights because of a lack of probable cause. Specifically, he says that that the information provided by an agent from the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF) to a magistrate judge to obtain the warrant failed to establish a nexus between the alleged criminal activity at another residence-425 Anderson Street in Pontiac-and his residence on Columbia. The Court held a hearing on this motion on April 15, 2010. The matter is ready for decision. For the reasons that follow, the motion is DENIED.

**II. Background**

On May 8, 2009, an ATF agent obtained search warrants for 425 Anderson and 390 Columbia. Specifically, the Anderson house was alleged to be a "stash house" where Pritchett was selling the drugs. As to the Columbia house, which records list as Pritchett's residence, he was the only person agents observed coming and going from the house. Agents observed Pritchett frequently traveling between the two houses. Agents observed the alleged illegal activity at the Anderson house only.

**III. Analysis**

**A.**

The Fourth Amendment guarantees that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. In Illinois v. Gates, 462 U.S. 213, 232 (1983), the Supreme Court explained the probable cause is a "fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Accordingly, the Supreme Court in Gates rejected previous, more rigid tests in favor of the "totality-of-the-circumstances" test. Id. at 238. When faced with an application and affidavit for a search warrant, "the task of the issuing magistrate judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id.

When a search warrant is sought, probable cause requires "a nexus between the

place to be searched and the evidence sought." United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (quoting United States v. Van Shutters, 163 F.3d 331, 336-37 (6th Cir. 1998)).  In other words, there must be "reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought."  Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978). In addition, probable cause must exist at the moment that the warrant is issued and the evidence supporting it cannot be stale.  Sgro v. United States, 287 U.S. 206, 210 (1932).  There is no fixed time limit regarding the staleness of evidence and a court must consider the following variables: "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?), etc."  United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998).

Generally, a magistrate judge's determination as to probable cause is entitled to deference by the reviewing court.  Id. at 238-39.  The reviewing court's role is limited to deciding "whether the evidence as a whole provided a 'substantial basis' for the Magistrate's finding of probable cause."  Id.; Massachusetts v. Upton, 466 U.S. 272, 733 (1984).

**B.**

Pritchett argues that there was no probable cause to sign the search warrants because the government failed to demonstrate a sufficient nexus to suggest that evidence of criminal activity would be found at the Columbia house.  He asserts that the evidence shows only that he was seen entering and leaving the house, which is his residence,

3

and that there is no suggestion that evidence of criminal activity would be found at this location.

The government asserts that there was probable cause to believe that Pritchett would keep evidence of his drug trafficking activities at the Columbia house. The Court agrees. The ATF agent stated in his affidavit that, based on his experience and training, drug traffickers kept evidence of their criminal activity at their residences. Therefore, it would also be reasonable to assume that Pritchett would do the same. The Sixth Circuit has upheld search warrants on the ground that drug traffickers are likely to keep evidence of their criminal activity at their residence, even when there is no independent evidence suggesting that criminal contraband will be found. See United States v. Newton, 389 F.3d 361, 365-66 (6th Cir. 2004) rev'd on other grounds Newton v. United States, 546 U.S. 803 (2005); United States v. Miggins, 302 F.3d 384, 393-94 (6th Cir. 2002) (collecting cases); United States v. Jones, 159 F.3d 969, 975 (6th Cir. 1998) (stating that "in the case of drug dealers, evidence is likely to be found where the dealers live.") Thus, there was probable cause to believe that evidence of criminal activity was present at both houses. The search warrant for 390 Columbia was valid.

SO ORDERED.

Dated: April 20, 2010         s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 20, 2010, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160